**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| H.G., | : | Civil Action No. 20-7560 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff H.G. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

    In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning January 25, 2009. A hearing was held before ALJ Frederick Timm (the "ALJ") on September 6, 2019, and the ALJ issued an unfavorable decision on November 26, 2019, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

    In the decision of November 26, 2019, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings.   At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform work at the medium level of exertion, with certain exertional and non-exertional limitations, including a limitation to simple, routine tasks.   At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work.   At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the ALJ erred by failing to resolve conflicts between the Commissioner's vocational expert and Plaintiff's vocational expert; 2) the ALJ erred at step three as to certain parts of the mental health Listings; and 3) the residual functional capacity determination at step four is not supported by substantial evidence.

Although this Court concludes that the third argument succeeds, it will briefly address the first two arguments which are not persuasive, so as to highlight the one that does.   Plaintiff first argues that the ALJ erred by failing to resolve conflicts between the Commissioner's vocational expert and Plaintiff's vocational expert.   In short, the Commissioner points out persuasively that this argument has defects, two of which are: 1) Plaintiff's expert's opinions deal with the residual functional capacity determination at step four, while the Commissioner's vocational expert's opinions deal with the inquiry at step five; and 2) Plaintiff has failed to show any basis in law for the assertion that the ALJ was required to more fully explain the reasons for discounting the opinion of a non-medical source.

Second, Plaintiff argues that the ALJ erred at step three in finding that Plaintiff did not meet the "C2" criteria stated in paragraph 12.00G(2)(c), which states:

> The criterion in C2 is satisfied when the evidence shows that, despite your diminished symptoms and signs, you have achieved only marginal adjustment. "Marginal adjustment" means that your adaptation to the requirements of daily life is fragile; that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life. We will consider that you have achieved only marginal adjustment when the evidence shows that changes or increased demands have led to exacerbation of your symptoms and signs and to deterioration in your functioning; for example, you have become unable to function outside of your home or a more restrictive setting, without substantial psychosocial supports (see 12.00D). Such deterioration may have necessitated a significant change in medication or other treatment. Similarly, because of the nature of your mental disorder, evidence may document episodes of deterioration that have required you to be hospitalized or absent from work, making it difficult for you to sustain work activity over time.

Plaintiff's argument fails for two principal reasons. First, Plaintiff points to the evidence of record that he contends weighs in favor of a different conclusion, which asks this Court to re-weigh the evidence, which it may not do. See Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.") Second, Plaintiff's arguments miss the point of paragraph 12.00G(2)(c), which concerns deterioration in functioning of such intensity that a claimant's adaptation is characterized as "fragile." Plaintiff points to evidence that, when depressed, Plaintiff has had difficulty with self-care and maintaining responsibilities, but this appears to be tangential to the central concerns described in paragraph 12.00G(2)(c).

Plaintiff's third argument is the one that is persuasive: at step four, as to the non-exertional limitations, the residual functional capacity ("RFC") determination is not supported by substantial evidence. Plaintiff contends that the RFC fails to adequately reflect the impact of Plaintiff's psychiatric difficulties on the important non-exertional functional capacities for

3

reliably attending work and staying on task. As to the ability to reliably attend work, this Court finds that Plaintiff is persuasive.

At step four, as to the impact of Plaintiff's mental health problems on his functional capacity, the ALJ considered the evidence as to Plaintiff's symptoms and treatment history. (Tr. 23-24.) Next, the ALJ discussed the opinion evidence: the opinion of two agency reviewing psychological consultants, and two statements from treating physicians, as well as the opinion of Plaintiff's vocational expert, as mentioned previously. The ALJ discounted each one of these opinions.

As to the agency reviewers, the ALJ reported that they agreed that Plaintiff was limited to simple, routine tasks, and the ALJ stated that this was supported by much evidence of record. (Tr. 25.) The ALJ then wrote:

> However, mental status examinations at times have noted abnormal mood, affect, judgment, and insight, and the claimant has reported difficulty interacting with others and handling stress and changes in routine, which supports greater limitations in social interactions and adaptation (C4E; C8F/37; C11F/3, 5; C12F/13; C14F/20; C19F/24). Accordingly, these opinions are only given partial weight.

(Tr. 26.) There is a problem here: the ALJ overlooked a key finding by the reviewers. The reviewers agreed that Plaintiff has a moderate limitation to the ability to the ability to perform activities within a schedule, maintain regular attendance, and to be punctual within customary tolerances. (Tr. 96, 113.) Similarly, the reviewers agreed that Plaintiff has a moderate limitation to the ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms. (Id.) The ALJ overlooked the evidence from these reviewers that supports Plaintiff's argument.

Next, the ALJ discussed the opinion of treating physician Dr. McFadden which, in brief,

4

described much greater limitations to the capacity for work than those found by the reviewers. (Tr. 26.) The ALJ stated that Dr. McFadden's opinion was not consistent with the evidence of record. (Id.) The ALJ explained the reasoning supporting this inference, in part, as follows:

> In addition, although the claimant has reported difficulties with memory, concentration, interacting with others, and handling stress or change, mental status examinations have predominantly noted normal mood, affect, speech, behavior, and judgment, intact insight, intact memory and concentration, and normal thought process and thought content.

(Id.) The Court observes that this is essentially the same observation that the ALJ used to justify the inference that the reviewing psychologists had understated the limitations, but used here to justify the inference that Dr. McFadden had overstated the limitations.

Next, the ALJ discussed the opinion of treating physician Dr. Haas, which also described serious functional limitations to the ability to work. (Tr. 26.) The ALJ wrote:

> Dr. Haas opined that the claimant had serious limitations in maintaining attention for 2 hour periods, maintaining regular attendance, completing a normal workday/week, performing at a consistent pace, and responding appropriately to change, and mild limitations in remembering work-like procedures, sustaining ordinary routine, working in coordination with or proximity to others without distractions, making simple decisions, maintaining socially appropriate behaviors, traveling in unfamiliar places, and getting along with coworkers or peers without distraction. He further opined that the claimant had no limitation in understanding, remembering, or carrying out simple instructions, asking questions, accepting instruction, getting along with coworkers or peers without distraction, awareness of normal hazards, interacting appropriately with the public, adhering to basic standards of neatness, and using public transportation. He ultimately opined that the claimant had moderate difficulties in understanding, remembering, and applying information, concentrating, persisting, and maintaining pace, and adapting and managing, and no to mild limitation in interacting with others, noting the claimant would have both good and bad days. This opinion is generally consistent with the evidence of record. While the claimant has reported significant limitations in memory, understanding, following instructions, and handling change and stress, with mental status examinations at times noting impaired memory, judgment, and recall, these examinations have predominantly been unremarkable, noting intact memory, judgment, and insight, supportive of no more than moderate limitations in understanding, remembering,

5

> and applying information and adapting and managing.   However, the evidence of record, including the claimant's subjective complaints and at times indications of abnormal mood and affect, support a slightly greater limitation in interacting with others. Further, although the claimant at times complained of difficulty with concentration, he was predominantly noted to have intact concentration and normal thought process, supportive of lesser limitations in maintaining concentration, persistence, and pace.   As such, this opinion is given partial weight.

(Tr. 26-27 (record citations omitted).)   Because Plaintiff's argument focuses on the capacities for attending work and maintaining concentration, this Court does so here.   The ALJ begins by stating that Dr. Haas opined that Plaintiff has serious limitations in those areas, and later states that Dr. Haas ultimately opined that Plaintiff had moderate difficulties in concentration, persistence, and pace, and managing and adapting; the ALJ then stated that these opinions were consistent with the evidence of record.   Yet, a few sentences later, the ALJ concludes that the evidence "predominantly" shows intact concentration, supporting lesser limitations in maintaining concentration, persistence, and pace.   The ALJ's statements about the opinion of Dr. Haas as to concentration are contradictory and are clearly in error.

In short, the evidence of record shows that the four mental health experts agreed that Plaintiff has a moderate or more severe limitation to the ability to the ability to perform activities within a schedule, maintain regular attendance, and to be punctual within customary tolerances. In view of the uncontroverted evidence, no reasonable factfinder could find otherwise, and Plaintiff has affirmatively proven that this limitation must be included in his residual functional capacity determination.   Whether there are jobs in significant numbers in the national economy for a person whose residual functional capacity has such a limitation is a matter to be determined by the Commissioner on remand.   The ALJ's omission of this limitation from the RFC determination was in error and is not supported by substantial evidence.

Furthermore, the ALJ's reasoning at step four does not comply with the principles stated by the Third Circuit in Morales:

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled. In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted).   The ALJ's RFC decision does not conform to the requirements of Morales.   To the extent that the ALJ rejected the opinions of the treating physicians, he did so for the wrong reasons – reasons which are contradictory, or unpersuasive, or which overlook the fact that, as to limitations related to reliable work attendance, the experts were in agreement.   The only possible explanation for the ALJ's omission of this limitation is that the ALJ made speculative inferences from medical reports and arrived at his own lay opinion about what the medical evidence demonstrated.

In opposition, the Commissioner argues that Dr. Haas did not opine that Plaintiff was unable to work.   Even if this is correct, the ALJ stated that Dr. Haas found "serious limitations" in maintaining attendance and completing a normal workweek.   (Tr. 26.)   The Commissioner's opposition brief overlooks this fact.   The Commissioner also argues that the reviewing psychological consultants opined that Plaintiff was able to work.   This is also correct, but does not erase the fact that the reviewers stated both that ultimate conclusion as well as the intermediate assessment of the moderate limitations already described.   If both are true, then

both must be considered.  If the findings are contradictory, then the ALJ must weigh the contradiction.  In either case, the ALJ overlooked important evidence.  This Court does not now re-weigh the evidence.  Rather, it observes the area of total agreement between all the experts as to some of Plaintiff's limitations, which the ALJ overlooked when formulating the RFC.

This Court finds that the ALJ's residual functional capacity determination is not supported by substantial evidence.  The four mental health experts agreed that Plaintiff has a moderate or more severe limitation to the ability to the ability to perform activities within a schedule, maintain regular attendance, and to be punctual within customary tolerances.  The ALJ offered no reason for making an RFC determination that did not reflect this limitation.

For these reasons, this Court finds that the Commissioner's decision is not supported by substantial evidence.  The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                              s/ Stanley R. Chesler
                                                STANLEY R. CHESLER, U.S.D.J.

Dated: August 20, 2021